UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACKELYN AFFRONTE,<br><br>            Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>            Defendant. | CASE NO. 2:16-CV-01287-DWC<br><br>ORDER ON MOTION FOR ATTORNEY'S FEES |

Plaintiff Jackelyn Affronte filed a motion for award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 ("Motion"). Dkt. 16. Defendant asserts her position in this matter was substantially justified and requests no fee be awarded or, in the alternative, the fee award be reduced by two-thirds due to the appeal's limited success. Dkt. 17. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 6.

The Court concludes Defendant's position was not substantially justified and the requested fees are reasonable. Accordingly, Plaintiff's Motion is granted.

ORDER ON MOTION FOR ATTORNEY'S FEES - 1

## Background and Procedural History

On March 7, 2017, the Court found the ALJ erred by failing to properly evaluate the opinions of Plaintiff's treating psychiatrist, Dr. Katerina Riabova, M.D. Dkt. 14 at 4–7. The Court found the error was harmful, reversed the ALJ's decision, and remanded the case to the Social Security Administration ("Administration") for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). *Id*. at 11.

On June 5, 2016, Plaintiff filed this Motion. Dkt. 16. Defendant filed a Response, Dkt. 17, and on June 23, 2016, Plaintiff filed her Reply. Dkt. 18.

## Discussion

In any action brought by or against the United States, the EAJA states "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010) (*citing Flores v. Shalala*, 49 F.3d 562, 569–70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted

itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley*, 461 U.S. at 433, 436–37.

I. **Substantially Justified**

In this matter, Plaintiff was the prevailing party because she received a remand of the matter to the administration for further consideration. *See* Dkt. 14, 15. To award a prevailing plaintiff attorney's fees, the EAJA also requires finding the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B).

The Supreme Court has held "substantially justified" means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotations omitted). A "substantially justified position must have a reasonable basis both in law and fact." *Guiterrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (*citing Pierce*, 487 U.S. at 565; *Flores*, 49 F.3d at 569)). The Court "'must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court.'" *Id.* at 1259 (*quoting Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)). Thus, for the government to prevail, it must establish both the ALJ's underlying conduct and its litigation position in defending the ALJ's error were substantially justified. *Id.* "[I]f 'the government's underlying position was not substantially justified,'" the Court must award fees and need not address whether the government's litigation position was justified. *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014) (*quoting Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013)). The Court notes the Administration does not have to prevail on the merits for the Court to conclude the Administration's position was substantially justified. *See Kali*, 854 F.2d at 334.

Here, the Court concluded the ALJ erred in failing to provide a specific and legitimate reason, supported by substantial evidence, for discounting Dr. Riabova's opinions. The Court found the ALJ failed to discuss why she determined Dr. Riabova's opinions were inconsistent with the record. Dkt. 14; *see McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the grounds that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed"). Furthermore, the ALJ failed to explain why she determined Dr. Riabova's opinions of Plaintiff's assessed limitations were inconsistent with Plaintiff's activities of daily living. Dkt. 14. The ALJ also failed to explain why she determined Dr. Riabova's opinions were inconsistent with findings in a mental status examination conducted by Brendon Scholtz, Ph.D. Dkt. 14. *See Reddick v. Chater*, 157 F.3d 715, 722–23 (9th Cir. 1998) (finding an ALJ must not "cherry-pick" certain observations without considering their context).

It is clearly established that "[i]n order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, *legitimate* reasons that are supported by substantial evidence in the record." *Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996)) (emphasis in original). As discussed above, the Court concluded the ALJ failed to set forth specific and legitimate reasons, supported by substantial evidence, for discounting Dr. Riabova's opinions. Moreover, the ALJ did not include Dr. Riabova's opined limitations, such as Plaintiff's limitations in working with supervisors or maintaining a schedule, in the residual functional capacity ("RFC") assessment. Dkt. 14. As such, the Court concluded the ALJ committed harmful error requiring reversal. *See* Dkt. 14.

Defendant argues her position was substantially justified because the ALJ gave great weight to three other medical opinions to support the ALJ's decision, and these opinions amount to substantial evidence to support the Commissioner's finding that Plaintiff is not disabled. Dkt. 17. Defendant does not argue the ALJ's underlying decision was substantially justified. As stated above, the Court found the ALJ failed to provide a specific and legitimate reason, supported by substantial evidence, for discounting Dr. Riabova's opinions. *See* Dkt. 14. The ALJ also failed to include Dr. Riabova's opined limitations in the RFC. Dkt. 14. For these reasons, the Court finds the Administration's underlying position was not substantially justified. *See Meier*, 727 F.3d at 872 (if the agency's decision is unsupported by substantial evidence, it is a strong indication the government's position was not substantially justified); *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998) ("the defense of basic and fundamental errors . . . is difficult to justify.").

Because the Administration's underlying position was not substantially justified, the Court must award fees. *See Meier*, 727 F.3d at 872; *Tobeler*, 749 F.3d at 834 ("Because the government's *underlying* position was not substantially justified, we award fees, even if the government's *litigation* position may have been justified.") (emphasis in original). There are no special circumstances which render an EAJA award in this matter unjust. Accordingly, the Court finds Plaintiff is entitled to attorney's fees under the EAJA.

**II.    Reasonable Fee Award**

Once the Court determines a plaintiff is entitled to a reasonable fee, "[T]he amount of the fee, of course, must be determined on the facts of each case." *Hensley*, 461 U.S. at 429. "[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours

reasonably expended on the litigation multiplied by a reasonable hourly rate[,]" which encompasses the lodestar method.[1] *Id.* at 433.

Here, Plaintiff is seeking payment of $3,487.51 for 18.1 hours of time her attorney, Victoria B. Chhagan, spent litigating this case. Dkt. 16-3. Plaintiff also requests payment of $216.00 for 2.7 hours of paralegal work. *Id.* Defendant asks the Court to reduce the fee award by two-thirds because Plaintiff enjoyed limited success, analogizing the case to *Blair v. Colvin*, 619 F. App'x 583 (9th Cir. 2015). *See* Dkt. 17 at 4–5.

However, where the district court in *Blair* limited the scope of remand to reassessing consultants' positions regarding one workplace limitation (*see Blair*, 619 F. App'x at 585), the Court's order here was not so limited. *See* Dkt. 14. The Court found the ALJ's errors in discounting Dr. Riabova's opinions without giving legally sufficient reasons affected the RFC, such that further administrative proceedings were necessary. *See id.* That Plaintiff unsuccessfully argued the ALJ committed other errors does not take away from Plaintiff's excellent result—the Court granted her requested relief of reversal and remand of the ALJ's decision. *See Hensley*, 461 U.S. at 435 ("the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters."). Where a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.* Here, the Court finds Plaintiff had an excellent result and did not have limited success. Accordingly, the Court finds Defendant has not shown a reduction in the attorney's fee request is appropriate in this case.

---

[1] Relevant factors which may be considered are identified in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974), as: (1) the time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19 (citations omitted); *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors).

1   Plaintiff requests the Court award fees for 18.1 attorney hours and 2.7 paralegal hours
2  expended in this case. Dkt. 16-3. Here, the record was large: 411 pages. Dkt. 9. Plaintiff
3  submitted a twenty page Opening Brief, arguing two grounds for relief, and a seven page Reply
4  Brief. Dkt. 11, 13. Based on the facts and circumstances of this case and the briefing, declaration,
5  and attorney itemization sheet of the 20.8 total hours expended in this case, the Court concludes
6  the amount of time incurred by Plaintiff's attorney and paralegal in this matter is reasonable.

7   **Conclusion**

8   For the above stated reasons, the Court hereby grants Plaintiff's Motion. Plaintiff is
9  awarded attorney's fees in the amount of $3,703.51, representing 20.8 hours of work, pursuant to
10 the EAJA and consistent with *Astrue v. Ratliff*, 560 U.S. 586 (2010).
11  The Acting Commissioner shall contact the Department of Treasury to determine if the
12 EAJA Award is subject to any offset. If the U.S. Department of the Treasury verifies to the
13 Office of General Counsel that Plaintiff does not owe a debt, the government shall honor
14 Plaintiff's assignment of EAJA Award and pay the EAJA Award directly to Victoria B.
15 Chhagan, Plaintiff's counsel. If there is an offset, any remainder shall be made payable to
16 Plaintiff, based on the Department of the Treasury's Offset Program and standard practices, and
17 the check shall be mailed to Plaintiff's counsel, Victoria B. Chhagan, Douglas, Drachler, McKee
18 & Gilbrough, at 1904 Third Ave., Suite 1030, Seattle, WA 98101.
19  Dated this 14th day of July, 2017.

*[signature]*

David W. Christel
United States Magistrate Judge